1  **WO**                                                                     JDN
2                          **NOT FOR PUBLICATION**

6              **IN THE UNITED STATES DISTRICT COURT**
7                    **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Otis Bunn, | No. CV 09-0768-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Otis Bunn brought this civil rights action against Maricopa County Deputy County Attorney Jennifer K. Linn and Attorney Corwin Townsend (Doc. #8).[1] Before the Court is Defendants' Motion to Dismiss for failure to prosecute (Doc. #17), to which Plaintiff did not respond. Also before the Court is Defendants' Motion for Ruling on their Motion to Dismiss (Doc. #19).

The Court will grant Defendants' Motion to Dismiss, deny the Motion for Ruling as moot, and terminate the action.

**I.    Background**

Plaintiff initiated his action in Maricopa County Superior Court (Doc. #1). Defendants removed the action to federal court, and, upon screening, the Court dismissed Plaintiff's Complaint with leave to amend (Doc. ##1, 6).

---

[1] The Court dismissed Maricopa County as a Defendant (Doc. #12).

Plaintiff then filed his First Amended Complaint, in which he set forth facts alleging a false arrest claim (Doc. #8 at 3-3B).[2] Plaintiff alleged that he appeared in superior court with Townsend, his court-appointed attorney, for a hearing on a pending criminal charge (id. at 3A). Plaintiff stated that after the court hearing, Townsend convinced Plaintiff to enter a conference room to talk (id.). Plaintiff alleged that while they were in the conference room, Townsend's cell phone rang, and Plaintiff heard Linn's voice say "bring him out," at which time Townsend motioned for Plaintiff to exit the conference room (id. at 3A-3B). Plaintiff averred that upon exiting the room, he was detained and questioned by sheriff's deputies regarding an unrelated criminal investigation (id. at 3, 3B). According to Plaintiff, Townsend did not stay with Plaintiff during this questioning, which led to his arrest (id. at 3B). Plaintiff alleged that Defendants conspired to deprive Plaintiff of his constitutional rights (id. at 3).

The Court screened the amended pleading, ordered service on Linn and Townsend, but provided that Defendants did not have to file an answer at that time (Doc. #12 at 4). Because Plaintiff's criminal case was ongoing, and it appeared that Plaintiff's civil claim related to rulings that would be made in the criminal trial, the Court directed Defendants to file a brief with the Court providing an update of the status of Plaintiff's criminal case and the applicability of Wallace v. Kato to Plaintiff's claim (id., citing 549 U.S. 384, 393 (2007)). Under Wallace, if a plaintiff files a false arrest claim before a conviction, the district court may stay the civil action until the criminal case is ended. 549 U.S. at 393. And if the plaintiff is convicted, and the stayed civil action would impugn that conviction, the civil case must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Wallace, 549 U.S. at 394.

Defendants filed a brief and a supplemental brief notifying the Court that criminal

---

[2] Although Plaintiff stated that his Fifth, Sixth, and Fourteenth Amendment rights were violated and that his claim involved "unlawful conspiracy" (Doc. #8 at 3), his factual allegations sufficiently stated a claim of false arrest/imprisonment in violation of the Fourth Amendment. See Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008) (a complaint need not identify the statutory or constitutional source of a claim; it need only set forth factual allegations supporting a claim for relief).

charges were filed against Plaintiff as a result of the arrest at superior court (Doc. #13 at 2). Plaintiff pled not guilty to charges of fraudulent schemes and artifices and theft; in October 2009, he was tried and found guilty of those charges (id.; Doc. #16 at 1).[3] Defendants assert that since Plaintiff has been convicted of the crimes for which he was arrested during the incident underlying the civil lawsuit, his civil claim is barred by Heck (Doc. #16 at 2).

In their briefs, Defendants also argue that, alternatively, Plaintiff's claim should be dismissed because it is barred by the statute of limitations pursuant to Wallace (id.; Doc. #13 at 7). Defendants note that under Wallace, a false arrest claim accrues when a person is detained pursuant to legal process, e.g., when he is bound over by a magistrate or arraigned on charges (Doc. #13 at 5, citing Wallace, 549 U.S. at 391). Defendants state that Plaintiff's arraignment was on October 3, 2005; thus, his Complaint, which was filed on November 19, 2008, came a year after the 2-year statute of limitations had passed (id. at 7).[4]

## II. Motion to Dismiss

Defendants' instant motion seeks dismissal under Federal Rule of Civil Procedure 41(b), which provides that if a plaintiff fails to prosecute an action or comply with court rules or orders, the defendant may move for dismissal (Doc. #17 at 3). Defendants point out that in the Screening Order, the Court directed Defendants to file a brief regarding the status of Plaintiff's criminal case, and it also directed Plaintiff to file a response to Defendants' brief 30 days after service of Defendants' brief (id. at 2). Defendants assert that Plaintiff did not file a response brief or seek leave to extend the time to respond (id.).

Defendants contend that under the factors set out in Ferdik v. Bonzelet—which consider the public interest, docket management needs, the risk of prejudice, and public policy concerns—dismissal is appropriate (id. at 3-4, citing 963 F.2d 1258, 1260-61 (9th Cir.

---

[3] Defendants submit a copy of the superior court Trial Minute Entry dated October 19, 2009, which documents the jury's guilty findings on the counts of fraudulent schemes and artifices and theft (Doc. #16, Ex. A).

[4] Defendants submit a copy of the superior court Not Guilty Arraignment form dated October 3, 2005, which documents Plaintiff's presence before the Honorable Eartha K. Washington and Plaintiff's plea to charges against him at that arraignment (Doc. #13, Ex. C).

1992)). They further contend that dismissal is warranted under Local Rule of Civil Procedure 7.2(i)'s provision that allows failure to respond to a motion to be deemed a consent to the granting of the motion (id. at 3). Finally, Defendants refer to the arguments raised in their prior briefs that Plaintiff's claim is barred by the statute of limitations and, alternatively, by Heck (id. at 4).

The Court issued an Order notifying Plaintiff of his obligation to respond to Defendants' motion (Doc. #18). Plaintiff did not file a response to the motion.

Defendants then filed a Motion for Ruling, in which they move the Court to rule on and grant the Motion to Dismiss based on Plaintiff's failure to respond to the motion (Doc. #19). Plaintiff did not respond to this second motion.

## III. Failure to Prosecute

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik, 963 F.2d at 1260 (holding that a district court may dismiss an action for failure to comply with any order of the court).

The Court also has discretion under Local Rule of Civil Procedure 7.2(i) to deem Plaintiff's lack of response as a consent to the granting of Defendants' motion to dismiss. Plaintiff was warned of this possibility (Doc. #18 at 2). The Ninth Circuit has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995).

Before dismissal for failure to prosecute or to comply with a local rule, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does

1 not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has ostensibly lost interest in prosecuting his action. There is no risk of prejudice to Defendants to resolve the motion in their favor, and judicial efficiency also favors resolution of this action. Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). For the fifth factor, dismissal without prejudice is the least drastic sanction.

In sum, the five-factor analysis weighs in favor of dismissal. Plaintiff's failure to respond will therefore be deemed as a consent to the granting of the motion. The Court need not address Defendants' statute-of-limitations and Heck-bar arguments.[5]

**IV. Motion for Ruling**

Defendants' Motion for Ruling (Doc. #19), in which they request that the Court issue its ruling on the Motion to Dismiss, is premature. Under Local Rule of Civil Procedure 7.2(l), such a request shall not be filed until a motion has been pending for more that 180 days. Regardless, given the Court's ruling on the Motion to Dismiss, Defendants' Motion for Ruling is moot and will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. #17) and Motion for Ruling (Doc. #19).

//
//
//
//
//

---

[5]In light of the evidence of Plaintiff's arraignment in October 2005, more than three years before initiation of this lawsuit, and of his subsequent conviction, Defendants' arguments on the statute of limitations and Heck are well-taken and would also support dismissal (see Doc. #13, Ex. C; Doc. #16, Ex. A).

(2) Defendants' Motion to Dismiss (Doc. #17) is **granted**; the action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(3) Defendants' Motion for Ruling (Doc. #19) is **denied** as moot.

(4) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 31st day of March, 2010.

G. Murray Snow
United States District Judge